IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DANIEL RAY BROWN                                                                                    PLAINTIFF

v.                              Civil No. 13-3049

SHERIFF MIKE MOORE; JAIL
ADMINISTRATOR JASON DAY;
and JAILER BOBBY ENGALLS                                                                 DEFENDANTS

### ORDER

Pending before me for decision are the following motions: (1) a motion to amend the complaint (Doc. 15); (2) a motion to compel discovery (Doc. 16); and (3) a motion to take Plaintiff's deposition (Doc. 20). Each motion will be addressed in turn.

**Motion to Amend** (Doc. 15)

In this motion, Plaintiff indicates he wants to add a count of cruel and unusual punishment. He then submits a number of statements from inmates regarding what they witnessed. The motion to amend (Doc. 15) is denied. First, Plaintiff has already pled an excessive force claim. There is no reason for him to amend the complaint with respect to that claim. Second, Plaintiff attempts to add to the complaint a number of statements provided to him by other inmates. The proper time to attempt to submit such evidence is in connection with a response to a motion, such as a summary judgment motion, or at a hearing. The Court makes no ruling as to the admissibility of these statements. Third, to the extent he seeks to add a new claim for the denial of adequate medical care, Plaintiff must first exhaust his administrative remedies prior to bringing a claim in federal court.

AO72A
(Rev. 8/82)

**Motion to Compel** (Doc. 16)

In requests for the production of documents, Defendants seek a signed medical authorization from the Plaintiff so that they can investigate his claims and possible damages arising as a result. They indicate Plaintiff has refused three times to sign the medical authorization.

On the medical authorization Plaintiff has written in that he was not given any treatment and there was no health care provider. In fact, Plaintiff states that he was not provided with any medical treatment from the date of the alleged incident, April 4, 2013, to the present day.

The motion to compel (Doc. 16) is granted. Plaintiff is directed to provide the Defendants with a signed medical authorization by **July 19, 2013.** Plaintiff has put his medical condition at issue as he is claiming damages for physical injuries alleged to have been caused by the use of excessive physical force. If Defendants do not receive the executed medical release, they should notify the Court by filing a motion to dismiss.

**Motion to Take Plaintiff's Deposition** (Doc. 20)

Defendants have filed a motion to depose the Plaintiff pursuant to Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure as Plaintiff is an incarcerated person. The motion (Doc. 20) is granted.

**The District Clerk is directed to send a copy of this order to Sheriff Mike Moore.** The order should be sent to Sheriff Moore by certified mail with return receipt requested. Plaintiff shall be allowed to have his legal materials relating to this case in his possession during the deposition.

IT IS SO ORDERED this 27th day of June 2013.

/s/ *J. Marschewski*
  HON. JAMES R. MARSCHEWSKI
  CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)